IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| ARLETHIA KING,<br><br>    Plaintiff,<br><br>v.<br><br>THE NEUROMATRIX GROUP, LLC,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br>2:12-cv-217-WCO |

## COMPLAINT

COMES NOW, Arlethia King ("Plaintiff"), by and through undersigned counsel, and brings this action against The NeuroMatrix Group, LLC ("Defendant"), and states and alleges as follows:

### PARTIES

1. Plaintiff resides in Elk Grove, California.

2. Defendant is a Georgia limited liability company with its principal place of business located at 6250 Shiloh Road, Suite 110, Alpharetta, Georgia, 30005, as listed with the Georgia Secretary of State.

1

3. Defendant may be served with process by delivering a copy of the complaint and summons to its registered agent, Corporate Creations Network, Inc., at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066.

## JURISDICTION AND VENUE

4. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for failure to pay overtime compensation at the proper rate as required by the FLSA, and therefore, this Court exercises original jurisdiction over this case pursuant to 28 U.S.C. § 1331.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1(B)(1)(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims, as described in this complaint, occurred within the Gainesville Division of the Northern District of Georgia.

6. At all relevant times, Defendant had and continues to have at least $500,000.00 in annual gross volume of sales made or business done.

7. At all relevant times, Defendant was and continues to be an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

8. At all relevant times, Defendant qualified and continues to qualify as an "employer" within the meaning of the FLSA.

9. At all relevant times, Defendant employed Plaintiff, who was an employee engaged in interstate commerce and/or the production of goods for interstate commerce within the meaning of the FLSA.

**FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIMS**

10. At all times relevant to this action, Defendant was in the business of providing computer-based monitoring services for surgical operations on the nervous system.

11. Plaintiff began working for Defendant on a temporary basis as a Receptionist in July 2010.

12. While employed as a Receptionist, Defendant paid Plaintiff an hourly wage.

13. Plaintiff became a full-time employee beginning on or about March 28, 2011.

14. Plaintiff's primary job duties involved office work.

15. For example, Plaintiff answered phone calls.

16. Plaintiff prepared spreadsheets.

17. Plaintiff responded to emails.

18. Plaintiff opened mail.

19. Plaintiff completed paperwork used for processing background and drug screens.

20. Plaintiff made lunch, travel, hotel, and shuttle arrangements for prospective employees.

21. Plaintiff completed employee verifications.

22. Plaintiff verified monthly invoices.

23. Plaintiff prepared new hire files.

24. Plaintiff enrolled new hires in benefits plans.

25. Plaintiff prepared new hire orientation folders.

26. Plaintiff recorded returns of supplies by terminated employees.

27. Plaintiff relieved the receptionist as needed.

28. Plaintiff did not interview job candidates.

29. Plaintiff was not involved in decisions to hire, fire, or otherwise change the employment status of other employees.

30. From approximately March 28, 2011, until approximately October 31, 2011, Defendant paid Plaintiff an hourly wage.

31. From approximately March 28, 2011, until approximately October 31, 2011, Defendant classified Plaintiff as nonexempt within the meaning of the FLSA.

32. On or about November 1, 2011, Defendant purported to promote Plaintiff to a salaried position.

33. The promotion was effective retroactively to October 15, 2011.

34. On or about November 1, 2011, Defendant began paying Plaintiff on a salary basis of approximately $45,000.00 per year.

35. Defendant did not provide Plaintiff with an explanation of the legal basis for its decision to pay Plaintiff on a salary basis.

36. Defendant did not inform Plaintiff that she would be eligible for payment at an overtime rate for overtime hours worked.

37. Defendant failed to establish an understanding with Plaintiff that her salary would be compensation for all hours worked, excluding any overtime premiums.

38. After Defendant changed Plaintiff's compensation from an hourly wage to a fixed salary, Plaintiff's job duties did not change.

39. After Defendant changed Plaintiff's compensation from an hourly wage to a fixed salary, Plaintiff's job title became Human Resources Generalist.

40. Paying Plaintiff on a salary basis did not relieve Defendant of its obligation to pay Plaintiff properly for all hours worked as required by the FLSA.

41. Paying Plaintiff on a salary basis did not relieve Defendant of its obligation to pay Plaintiff at an overtime rate for overtime hours worked.

42. Defendant terminated Plaintiff on or about April 24, 2012, after she tendered her resignation.

## COUNT ONE:  FAILURE TO PAY OVERTIME

43. At times relevant to this action, Defendant, Plaintiff worked in excess of forty (40) hours per week.

44. At times relevant to this action, Plaintiff began working prior to her scheduled shift.

45. At times relevant to this action, Plaintiff worked after the end of her scheduled shift.

46. At times relevant to this action, Defendant failed to pay Plaintiff at an overtime rate of not less than one and one-half times her regular rate for all overtime hours.

47. At times relevant to this action, Defendant did not make contemporaneous payments at a rate of one-half times Plaintiff's regular rate for all hours worked in excess of 40 per week.

48. At times relevant to this action, Defendant did not utilize a clock-in system to record Plaintiff's hours.

49. At times relevant to this action Defendant did not record the hours worked by Plaintiff in excess of 40 per week.

50. Defendant did not maintain accurate records of Plaintiff's compensable time as required by the FLSA.

51. Defendant violated the record-keeping provisions of the FLSA.

52. Defendant's decision not to maintain time records for Plaintiff throughout the duration of her employment was deliberate.

53. Defendant failed to compensate Plaintiff for all hours worked despite knowing that Plaintiff's job duties were almost exclusively nonexempt job duties within the meaning of the FLSA.

54. Defendant's attempts to evade the overtime requirement of the FLSA were made with reckless disregard for its obligations under the FLSA.

55. Defendant willfully violated the FLSA's overtime requirement.

56. Plaintiff seeks and is entitled to her unpaid wages for all overtime hours worked within the three years prior to the date of the filing of this complaint.

57. Plaintiff seeks and is entitled to an award in an amount equal to all unpaid wages as liquidated damages.

58. Plaintiff seeks and is entitled to an award of reasonable attorney's fees and costs of bringing this action.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff respectfully prays that:

I. The Court enter judgment in favor of Plaintiff;

II. The Court enter judgment against Defendant that its violations of the FLSA were willful;

III. The Court award Plaintiff all unpaid overtime wages as provided for by the FLSA;

IV. The Court award Plaintiff liquidated damages in an amount equal to her unpaid overtime wages as provided for by the FLSA;

V. The Court award Plaintiff reasonable attorney's fees and costs as provided for by the FLSA; and

VI. Plaintiff receive such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff demands a trial by jury.

Dated: September 15, 2012.

/s/ John L. Mays

**MAYS & KERR LLC**
229 Peachtree Street
International Tower | Suite 980
Atlanta, Georgia 30303
Telephone: 404 410 7998
Facsimile: 404 855 4066
Attorneys for Plaintiff

John L. Mays
Georgia Bar No. 986574
john@maysandkerr.com

Jeff Kerr
Georgia Bar No. 634260
jeff@maysandkerr.com

8