# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| ARLETHIA KING,<br><br>      Plaintiff,<br>v.<br><br>SOUTHERN NEUROPHYSIOLOGY, LLC,<br><br>      Defendant. | CIVIL ACTION<br><br>FILE NO. 2:12-CV-217-WCO |

## JOINT MOTION FOR JUDICIAL REVIEW AND APPROVAL OF SETTLEMENT, AND ENTRY OF STIPULATED DISMISSAL

COMES NOW Plaintiff Arlethia King ("Plaintiff") and Southern Neurophysiology, LLC ("Defendant," together with Plaintiff, the "Parties"), respectfully request judicial review and approval of the negotiated settlement between the Parties, and entry of their stipulated dismissal pursuant to Federal Rule of Civil Procedure 41(a), showing as follows:

### I.    Procedural Posture

On September 15, 2012, Plaintiff filed her Complaint against The Neuromatrix Group, LLC (ECF No. 1). Plaintiff was granted leave to amend her Complaint to name the correct defendant, Southern Neurophysiology, Inc., and filed her First Amended Complaint on November 13, 2012 (ECF No. 13). The sole count asserted against Defendant is failure to pay overtime pursuant to the Fair

Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").  (Am. Compl. 6, ECF No. 13.)  Defendant answered the Amended Complaint, denying that Plaintiff is entitled to overtime because she is an exempt employee under the FLSA.  (Am. Answer 2, ECF No. 13.)

Discovery in this case has been thorough and cooperative, enabling the Parties and their counsel to reach a fair and reasonable resolution without the need for protracted litigation.  The Parties have conducted substantial merits discovery throughout the four-month discovery period, which ended on March 8, 2013.  Through written discovery, including the exchange of payroll documents, correspondence, and time records, the Parties were able to accurately assess the value of Plaintiff's claim.  After reviewing this information, the Parties negotiated a settlement ("Settlement"), and executed a settlement agreement ("Settlement Agreement," attached hereto as Exhibit A) in an effort to resolve the dispute without incurring additional legal fees, taking into account that at least four depositions will be necessary, both Parties intend to file summary judgment motions, and, if dispositive motions are not granted, trial would be expensive and disruptive for both Parties.  In particular, the burden and cost to the Plaintiff would be great since she now lives in California.

## II.     Argument and Citation of Authority

In circumstances like those presented here, where an individual former employee brings suit directly against her employer under Section 216(b) to recover back wages for FLSA violations, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  The Court should approve the settlement if the compromise is fair and reasonable to the former employee and if it furthers the implementation of the FLSA in the workplace.  *Wingrove v. D.A. Techs., Inc.*, 2011 U.S. Dist. LEXIS 153759, * 3-4 (N.D. Ga. Feb. 11, 2011) (*internal citations omitted*).  Notably, courts have recognized a "strong presumption in favor of finding a settlement fair." *Crabtree v. Volkert, Inc.*, CIV.A. 11-0529-WS-B, 2013 WL 593500 (S.D. Ala. Feb. 14, 2013) (quoting *Bennett v. D.L.S. Marketing, LLC*, 2009 WL 1309758, *2 (M.D.Fla. May 7, 2009); *see also Wingrove*, 2011 U.S. Dist. LEXIS 153759, *2 (recognizing "strong presumption" that FLSA settlements are fair and reasonable to plaintiffs); *Howell v. Dolgencorp, Inc.*, 2011 WL 121912, *1 (N.D.W.Va. Jan. 13, 2011).

### A.     The Settlement is Fair to Plaintiff.

In determining whether the settlement is fair and reasonable to the former employee, (1) the Court should examine the "bona fides of the dispute," (2) the

- 3 -

agreement may not be confidential, nor can it prospectively waive an employee's FLSA rights, and (3) the Court must review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Id.* at * 4-5.

Here, there is a bona fide dispute regarding whether Plaintiff, who was paid on a salary basis, was exempt from the overtime requirement of the FLSA during her employment.  Defendant has maintained in its Answer and written discovery that Plaintiff was exempt from the overtime requirements set forth in the FLSA. For instance, Defendant alleges that Plaintiff provided advice to high-level executives and exercised independent judgment in regards to the completion of her job duties.  Conversely, Plaintiff alleges that she was not exempt, and consequently, was entitled to compensation at an overtime premium rate of not less than one and one-half times her regular rate for all hours worked in excess of 40 per week.  In support of this assertion, Plaintiff contends that, despite holding the job title of Human Resources Generalist, she was a "personnel clerk," as defined in 29 C.F.R. § 541.203, and her primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance within the meaning of 29 C.F.R. § 541.200.

A JMD01 2463317 v1
2909027-000010  03/20/2013

As a corollary matter, assuming that Plaintiff was nonexempt, the Parties dispute whether Plaintiff worked hours in excess of 40 per week. During discovery a substantial amount of evidence, such as building access data and email correspondence, was produced. While this data provides a proxy for Plaintiff's work hours in the absence of time records, Plaintiff contends it is ultimately incomplete. Plaintiff argues that the data provides the basis for a reasonable inference that she routinely worked in excess of 40 hours per week, and Defendant maintains that between lunches, breaks, time out of the office, and leaving early, Plaintiff did not work in excess of 40 hours each week.

In light of the bona fide disputes regarding liability and damages, both parties are exposed to litigation risks. Similar to the *Wingrove* case, Plaintiff faces "the prospect of failing to convince a jury to award any damages, or of obtaining a reduced amount of damages. Defendant's risk was that a jury would credit [P]laintiff's allegations in full and award the full amount of damages sought. … Rather than face those risks while incurring additional litigation expenses, the [P]arties agreed to settle this case." *Wingrove,* 2011 U.S. Dist. LEXIS 153759 at * 5.

In further support of the Parties' Joint Motion, the Parties submit that the Settlement Agreement does not include any confidentiality provisions, as such

provisions have been held to "contravene[] the legislative purpose of the FLSA . . . ." *Scott v. Memory Co., LLC*, 2010 WL 4683621, *2 (M.D. Ala. Nov. 10, 2010). Moreover, Plaintiff has not waived any future FLSA claims, which also weighs in favor of granting a motion to approve an FLSA settlement. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010) ("The district court should reject a compromise that includes a prospective waiver, approval of which would 'nullify the purposes of the [FLSA].'" (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 705-08 (1945)).

The final consideration is whether the proposed attorney's fees and cost payments as provided for in the Settlement Agreement are reasonable based on the amount of recovery for Plaintiff. Prior to initiating this action, Plaintiff entered into a contingency-fee contract with Plaintiff's counsel, setting the amount of their attorney's fees at 40% of any settlement, plus costs. After negotiating the settlement amount as a lump sum, the amount of attorney's fees in this case were calculated based upon this contingency-fee contract. The proposed settlement amount, including Plaintiff's attorney's fees, costs, and expenses, is fair and reasonable, and Defendant does not object to the award of Plaintiff's attorney's fees, costs, and expenses as outlined in the Parties' proposed Settlement Agreement. *See e.g. Martin, et al. v. Huddle House, Inc.*, No. 2:10-CV-00082-

WCO (N. D. Ga. May 18, 2011) (where this Court opined that attorney's fees negotiated as part of a lump sum FLSA settlement agreement is proper if the percentage of plaintiff counsel's fees under a contingency fee agreement is set before the settlement is negotiated).

Under the Settlement Agreement, Plaintiff will recover $12,773.88.  Her annual salary was $45,000.00, so this settlement represents nearly three and one-half months of full pay.  Considering she was only in this job position for roughly five months, this is more than fair.  Plaintiff's counsel will receive $426.12 for expenses and $8,800.00 in fees.  In the end, experienced counsel on both sides of this matter, who specialize in employment law, deemed the settlement fair and reasonable.  *See Fresco v. Auto Data Direct, Inc.*, 2007 U.S. Dist. LEXIS 37863, at **17-18 (S.D. Fla. May 11, 2007) (finding the support of experienced counsel for settlement "weighs strongly in favor of approval").

### B.The Settlement Furthers The Implementation of the FLSA.

Since the Settlement meets the first prong, the Court then must consider if it frustrates the purpose of the FLSA, such as "the presence of other employees situated similarly to the claimant, a likelihood that the claimant's circumstance will recur, a history of FLSA non-compliance by the same employer or others in the same industry or geographic region, or the requirement for a mature record and a

pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id.* at * 7. Here, none of those factors are at issue. Defendant does not have a history of non-compliance with the FLSA, there is no need to create a mature record to further develop the law, there is not an employee similarly situated to Plaintiff nor is there a likelihood that Plaintiff's circumstances will recur. Further, paying the settlement amount to Plaintiff will encourage future compliance with the FLSA. *See id.* at * 7-8. Accordingly, entering this Settlement does not frustrate the implementation of the FLSA in the workplace.

WHEREFORE, for the foregoing reasons, the Parties respectfully request that this Court approve the Settlement Agreement, and enter the Stipulation of Dismissal, attached as Exhibit "B" hereto.

This 20th day of March, 2013.

                              Mays & Kerr, LLC

                              s/ Evan Judge_____
                              John L. Mays (*by Jodi D. Taylor with express permission*)

229 Peachtree Street           Georgia Bar No. 986574
International Tower, Suite 980  Jeff Kerr
Atlanta, Georgia 30303        Georgia Bar No. 634260
                              Evan Judge
                              Georgia Bar No. 711596
                              *Attorneys for Plaintiff*

Monarch Plaza, Suite 1600
3414 Peachtree Road
Atlanta, Georgia 30326-1164
404-577-6000 / 404-221-6501 fax
leastwood@bakerdonelson.com
jtaylor@bakerdonelson.com

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

<u>s/ Jodi D. Taylor</u>
Lawrence Slade Eastwood
Georgia Bar No. 237702
Jodi D. Taylor
Georgia Bar No. 208180
*Attorneys for Defendant*

- 9 -

A JMD01 2463317 v1
2909027-000010  03/20/2013

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served via the CM/ECF System, which automatically sends an electronic notification of service on counsel of record:

>John L. Mays, Esq.
>Jeff Kerr, Esq.
>Evan Judge, Esq.
>Mays & Kerr, LLC
>229 Peachtree Street
>International Tower, Suite 980
>Atlanta, Georgia 30303

This 20th day of March, 2013.

>BAKER, DONELSON, BEARMAN,
>CALDWELL & BERKOWITZ, PC
>
>s/ Jodi D. Taylor
>Jodi D. Taylor
>Georgia Bar No. 208180
>*Attorney for Defendant*

Monarch Plaza, Suite 1600
3414 Peachtree Road
Atlanta, Georgia 30326-1164
404-577-6000 / 404-221-6501 fax
jtaylor@bakerdonelson.com